IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRANCE WILSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0820-N |
| | § | |
| DAVID FORREST, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Terrance Wilson, a former inmate at the Sanders Estes Unit of the TDCJ-ID, against Warden David Forrest and various corrections officers. On April 25, 2005, plaintiff filed a complaint and an application for leave to proceed *in forma pauperis*. However, he did not submit a certificate of inmate trust account as required by 28 U.S.C. § 1915(a)(2).[1] On May 6, 2005, a notice of deficiency was sent to plaintiff at the address

---

[1] This statute provides, in pertinent part:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit [for leave to proceed *in forma pauperis*], shall submit a certified copy of the trust account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

listed in his complaint. Eleven days later, the unopened envelope containing the notice was returned to the clerk with a notation that plaintiff had been released from custody. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent a notice of deficiency to plaintiff at the Sanders Estes Unit of the TDCJ-ID-- the only address listed in his complaint. However, plaintiff is no longer incarcerated at that facility and has not provided the court with his current address.[2] Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. Dismissal is the only option available under the circumstances. *See Blackmon v. Texas Board of Pardons and Paroles*, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3,

---

28 U.S.C. § 1915(a)(2).

  [2] As part of his civil rights complaint, plaintiff acknowledged that "[i]t is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." Plf. Compl. at 5.

2004) (Godbey, J.) (dismissing complaint for failure to provide court with current address).

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 20, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE