IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRANCE WILSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0820-M |
| | § | |
| DAVID FORREST, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Terrance Wilson, a former Texas prisoner, against the head warden and various employees of the Sanders Estes Unit of the TDCJ-ID. On April 25, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).[1]

---

[1] The court originally dismissed this case without prejudice when an unopened envelope addressed to plaintiff at the Sanders Estes Unit was returned to the clerk with a notation that plaintiff had been released from custody. *Wilson v. Forrest*, No. 3-05-CV-0820-M, 2005 WL 1215912 (N.D. Tex. May 20, 2005), *rec. adopted*, 2005 WL 1563273 (N.D. Tex. Jun. 30, 2005). That order was vacated after the court discovered that plaintiff had listed another address in Austin, Texas on the envelope containing his initial complaint. *See* Order, 8/9/05.

II.

Plaintiff alleges that he and other Muslim inmates who worked in the kitchen at the Sanders Estes Unit were reassigned to other jobs for no apparent reason. When plaintiff complained to the assistant warden, he was told that "it was a racial mix up and not a religious issue." Plaintiff disputes that explanation and believes he was the victim of religious discrimination. After exhausting his administrative remedies, plaintiff filed this action in federal district court. The only relief sought is that "TDCJ come and look at this matter and that this Unit be heald [sic] to the same standers [sic] as any other prison." (Plf. Compl. at 4, ¶ VI).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1)  is frivolous or malicious;
>
> (2)  fails to state a claim upon which relief can be granted; or
>
> (3)  seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff has failed to state a claim upon which relief can be granted. The only relief sought by plaintiff is an investigation into the reassignment of Muslim inmates who worked in the kitchen at the Sanders Estes Unit. However, plaintiff is no longer incarcerated in that facility. This moots his claim for injunctive and declaratory relief. *See Tucker v. Dallas County Sheriff's Dep't*, No. 3-04-CV-1630-B, 2004 WL 2296814 at *2 (N.D. Tex. Oct. 13, 2004), *rec. adopted*, 2004 WL 2546759 (N.D. Tex. Nov. 8, 2004), *citing Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078, 1084 (5th Cir. 1991) (release from confinement renders claim for injunctive relief moot); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (same as to claim for declaratory relief).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 16, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE